**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JERREL JAYNES** | **:** | **CIVIL ACTION** |
| | **:** | |
| **v.** | **:** | |
| **JAMES L. GRACE** | **:** | **NO. 07-CV-5213** |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus.  In the context of prisoners in state custody who make arguments involving the United States Constitution, such habeas corpus relief from custody is available pursuant to 28 U.S.C. §2254 (which is part of AEDPA).  If a writ of habeas corpus pursuant to 28 U.S.C. §2254 is issued by a federal court, the prisoner will be released from state custody on the grounds that certain Constitutionally protected rights have been violated; habeas corpus motions pursuant to 28 U.S.C. §2254 are the **_only_** possible means of obtaining this type of relief.  Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

By means of AEDPA, Congress **_intentionally_** created a series of **_restrictive gate-keeping conditions_** which must be satisfied for a prisoner to prevail regarding a petition seeking the issuance of a writ of habeas corpus pursuant to 28 U.S.C. §2254.  One such intentionally restrictive gate-keeping condition is AEDPA's **_strict and short statute of limitations_**, created by 28 U.S.C. §2244(d).  Another one of these intentionally restrictive gate-keeping conditions is AEDPA's so-called **_"second or successive rule"_**, created by 28 U.S.C. §2244(b), which generally forbids a litigant from filing a §2254 habeas if that litigant had at least one previous §2254 habeas that was "dismissed after adjudication of

the merits of the claims presented,"[1] which means:

     I.      a dismissal after a consideration on the merits;[2] or,

     II.     a dismissal on the grounds of the statute of limitations;[3] or,

     III.    a dismissal on grounds of procedural default.[4]

The strict AEDPA gate-keeping procedures were enacted by Congress in order to support the policy of creating finality with respect to state and federal criminal prosecutions. Woodford v. Garceau, 538 U.S. 202 (2003); Duncan v. Walker, 533 U.S. 167 (2001); Crews v. Horn, 360 F.3d 146 (3rd Cir. 2004). In the instant situation, there is a previous 28 U.S.C. §2254 petition filed by petitioner (namely 05-CV-2567), which attacked the same conviction and/or sentence attacked in 07-cv-5213, and which was dismissed on the merits of the claims presented.

On December 10, 2007, petitioner filed a petition in this court seeking his release from state custodial status based on the following claims:

1. The district court erred by applying a de novo review to the Magistrate Judge's Report and Recommendation;

2. The district court erroneously vacated the grant of a new trial when the Court adopted the findings made during the de novo review.

---

[1]Stewart v. Martinez-Villareal, 523 U.S. 637 (1998).

[2]Dunn v. Singletary, 168 F.3d 440 (11th Cir. 1999).

[3]Duncan v. Walker, 533 U.S. 167 (2001).

[4]In re Cook, 215 F.3d 606 (6th Cir. 2000). (A 28 U.S.C. §2254 case is found to be Procedurally Defaulted where the petitioner in such a §2254 case previously had the right to file an appeal of the conviction and/or sentence involved to a state court but the petitioner did not, in fact, file such an appeal, and some procedural rule of the state court system dictates that the time has passed for such a state filing. This principle is based on the concept that the states are free to impose procedural bars designed to restrict repeated attempts to re-litigate matters in state appellate courts. Slack v. McDaniel, 529 U.S. 473 (2000)).

These are clearly claims that his rights have been violated by the state court that convicted and sentenced him, for which relief is provided to prisoners by AEDPA; however, petitioner bases his grounds for relief not on AEDPA, but on Federal Rule of Civil Procedure 60(b).

The fact that habeas corpus relief pursuant to AEDPA is precluded by AEDPA's "second or successive rule," or by AEDPA's strict and short statute of limitations, or by any other provisions of AEDPA, does not mean that an alternative route to the same goal is available by means of a Petition pursuant to Rule 60(b). Gonzalez v. Crosby, 545 U.S. 524 (2005); United States v. Baptiste, 223 F.3d 188 (3d Cir. 2000); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).  As the Third Circuit Court of Appeals has correctly noted, if a petitioner could, by means of such a Rule 60(b) petition, get around Congress's clear intent in adopting AEDPA, the result would be "a complete miscarriage of justice."  United States v. Baptiste, 223 F.3d 188 at 190.  Accord, Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004); In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

An example of such a case where the court could consider such a Rule 60(b) motion is where the previous habeas decision was denied without merits consideration, and the prisoner attacks solely the basis of how that previous decision was reached without making an argument based upon the federal constitution, federal law or federal treaties (such as attacks on how the previous habeas case was found by the court to be either procedurally defaulted or time-barred). Gonzalez v. Crosby, 545 U.S. 524 (2005); Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).   In this court's view, the instant case is not on point with the narrow exception to the general rules of AEDPA and Rule 60(b) carved out by the U.S. Supreme Court in Gonzalez and by the United States Court of Appeals for the Third Circuit in Pridgen.

Accordingly, this                                    day of December, 2007, it is hereby

**ORDERED** that petitioner's application for relief pursuant to Federal Rule of Civil Procedure 60(b) is **DENIED**, and, it is further

**ORDERED** that the Clerk of this Court shall mark this matter as **CLOSED** for all purposes, including statistics.


　　　　　　　　　　　　　　　　**s/ J. CURTIS JOYNER**
　　　　　　　　　　　　　　　　**J. CURTIS JOYNER, U.S. District Judge**